THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MIGUEL ESTRONZA, Defendant and Appellant.

No. 8457. Argued January 21, 1941.—Decided January 22, 1941.

*Negrón López & Negrón López* for appellant. *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

Miguel Estronza was convicted of violating sections 3 and 4 of Act No. 25 of 1935 (Special Session, p. 152) and sentenced to pay a fine of $200, with costs. From the evidence it appears that pursuant to a search warrant the commercial establishment of the defendant in San Juan was searched, and in a safe which was opened by the defendant at the request of the police, there were found 420 *bolipool* tickets; but there is no other evidence connecting the defendant with said prohibited game nor was it proved that the establishment in question was devoted in any way to the operation or management of the said game. The appellant urges that

the evidence is insufficient to support the judgment appealed from and the prosecuting attorney of this court agrees to that contention, both parties cite the holding in the case of *People* v. *Salabarría,* 57 P.R.R. 128, 129, from which we take the following excerpts:

"Is this evidence sufficient to support the judgment rendered in this case?

"In our judgment it is not. The mere fact that there were seized in the residence of the defendant articles which are generally used for operating the game of '*bolita*' is insufficient, in the absence of other evidence tending to show that said articles were actually being used or that the room or residence was devoted to operating therein the said game.

" .  .  .  .  .  .  .  .  .  .

"The clear language of the act leaves no doubt as to the fact that the mere seizure of the implements in a house, room, etc., is not sufficient to support a conviction of a violation of said act. For the possession of said articles in a room, house, etc., to constitute a crime it is indispensable that there should be other evidence tending to show that said room, building, structure, etc., is devoted to the operation of the games to which said act refers. The statute, of course, does not require that said games should be operated at the time of the execution of said search warrant it being sufficient to show that the said room, place, etc., is devoted to such operations. In the case at bar no evidence to that effect was introduced.

" .  .  .  .  .  .  .  .  .  .

"In the case at bar the evidence was confined exclusively to the seizure of the implements under a bed in the room in which the defendant lived.

"Section 4 of the act, which is also alleged to have been violated, has no application to the facts of this case. That section has reference to the carrying or conveying by any person of any slip of paper, ticket, etc., and also to a defendant who is the 'owner, proxy, agent, person in charge, director or manager, of the game prohibited by this act,' of which there is no evidence in this case, although in the complaint it is alleged that the defendant acted as agent and manager, etc."

It is impossible to distinguish the case at bar from the *Salabarría* case, *supra,* whose doctrine we now confirm.

Therefore, the appeal must be sustained and the judgment appealed from reversed.